Manly. J.
 

 We have examined the will, in connection with the pleadings in the case, and are clear, in our opinion, as to the intention of testator. To us, the purpose seems manifest,
 
 *56
 
 to give the wife one half of the gross amount of his estate, and to subject the other half
 
 only
 
 to the payment of remaining legacies and charges.
 

 The legacies of fifty dollars to each of eight slaves, do not pass from the estate, (for the want of competent persons to take) but remain integral parts thereof, and with all other parts, constitute the gross fund, from which the wife’s half is to he divided. The other half is subject, in the hands of the executors, to the paj'ment of legacies and charges, and after these objects are accomplished, the residue is subject, further to a division according to the sixth item of the will.
 

 The wife’s rights, as a legatee, are not at all touched by questions as to the lapsing of legacies to the slaves, or of the fund, into which they rightfully fall, for if those legacies had been to capable persons, they would have been taken into the account when the wife’s half was to be allotted.
 

 And so we think the expenditure, in providing grave-stones and a wall for the burial-ground, and the legacy to Wilson D. Moore, set forth in the bill, as item 2nd and 4th of the will, are charges upon the other entire half of the estate, the lapsed legacies included.
 

 Wherefore, let a declaration be made to this effect, and a reference for an account to be taken in conformity.
 

 The costs of this suit may be taxed upon the residuary fund in the hands of the executors.
 

 PeR Oukiam, Decree accordingly.